IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHELLE BLOOTHOOFD, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CARL DANBERG, PATRICK RYAN, ) <br> DOUGLAS REPETTI, COLLEEN ) <br> SHOTZBERGER, ANTHONY ) <br> ANTONIO HICKS, WAYNE DIAL, ) <br> OFFICER LAFONZ, OFFICER MILLS, ) <br> OFFICER KEARNEY, AND OFFICER ) <br> TABRON, ) <br> ) <br> Defendants. ) | Civ. No. 09-179-SLR |

**MEMORANDUM ORDER**

1. **Background.** On March 17, 2011, plaintiff Michelle Bloothoofd[1] filed this 42 U.S.C. § 1983 action against defendants Delaware Department of Correction ("DOC"), Commissioner of DOC Carl Danberg ("Danberg"), Baylor Women's Correctional Institute ("BWCI"), Warden Ryan ("Ryan") and BWCI correctional officer Anthony Antonio ("Antonio"). (D.I. 2) Plaintiff alleges that on October 12, 2008, while incarcerated at BWCI, she was raped by Antonio. She asserts that Ryan and Danberg were responsible for the corrections staff.

2. Plaintiff was granted leave to proceed in forma pauperis and her complaint was ordered served on defendants. (D.I. 7) Defendants Ryan and Danberg answered

---

[1] At the time, plaintiff, an incarcerated prisoner, filed this action pro se.

the complaint, raising several defenses, including a failure to exhaust administrative remedies. (D.I. 13) The court entered a scheduling order setting deadlines for discovery and the filing of motions.² (D.I. 14)

2. On October 22, 2009, counsel entered their appearance on behalf of plaintiff and requested the issuance of a summons to Antonio. (D.I. 15, 16) Service of Antonio was effected on October 27, 2009. (D.I. 17) The court granted defendants Danberg and Ryan's motion for appointment of conflict counsel for Antonio. (D.I. 20, 21, 27)

3. Plaintiff then commenced the exchange of discovery with the service of a subpoena and noticing of depositions. (D.I. 18, 25, 26) On January 28, 2010, plaintiff, after conferring and obtaining consent from defendants Danberg and Ryan, wrote requesting the entry of their proposed scheduling order.³ (D.I. 27) Pertinent to the issue herein, the parties agreed and crafted the summary judgment deadline as follows:

> All summary judgment motions shall be served and filed with an opening brief on or before January 12, 2011. Briefing shall be pursuant to D. Del. LR 7.1.2, except that answering briefs will be

---

²The court entered its standard order for cases prosecuted by pro se plaintiffs. (D.I. 14) The discovery deadline was set for February 1, 2010 and the summary judgment briefing schedule ended by April 15, 2010.

³Specifically, according to plaintiff:
> On December 9, 2009, agreement was reached on all matters except for (a) entry of a proposed date range for trial, as reflected in the attached amended scheduling order, and (b) any revisions requested by counsel for defendant Antonio, after counsel was appointed pursuant to the court's order (D.I. 23). We further discussed pushing all dates back if the appointment of counsel takes significant time because the Attorney General's Office has requested that we not proceed with discovery that may need to be repeated after counsel for Antonio is appointed, to which plaintiff is agreeable under the circumstances.

(D.I. 27)

2

> due twenty one (21) days after filing of an opening brief and replies
> due ten (10) days after filing of the answering briefs. No summary
> judgment motion may be filed more than ten days (10) from the above
> date without leave of court.

(D.I. 29 at ¶4)

4. The matter was referred to mediation; a mediation conference was held on March 18, 2010. (D.I. 30, 32) Additional discovery was propounded. (D.I. 33, 34, 35, 36, 38)

5. Following the entry of appearance by counsel for defendant Antonio, a stipulation to amend the scheduling order was filed.[4] (D.I. 39) On June 25, 2010, plaintiff filed her first amended complaint ("FAC").[5] (D.I. 42) Four days later, another stipulation to amend the scheduling order was filed.[6] (D.I. 46) On July 16, plaintiff filed a stipulation to amend the complaint and a second amended complaint ("SAC"). (D.I. 53)

6. On July 19, 2010, defendant Antonio answered the SAC. (D.I. 54) Defendants Danberg, Dial, Hicks, Kearney, Lafonz, Mills, Repetti, Ryan, Shotzberger

---

[4]The introduction to the stipulation explained the reasons for the changes to the scheduling order:
> [B]ecause counsel for Antonio has been appointed, dates to the current scheduling order (D.I. 29) need to be modified now that discovery can proceed. . . . [and] because [plaintiff] requested the consent of [defendants] to amend her complaint . . . [; therefore,] defendants consent to [plaintiff's] filing an amended complaint. . . .

(D.I. 39)

[5]The following defendants were added: Douglas Repetti, Colleen Shotzberger, Alonzo Hicks, Wayne Dial, Officer Lafonz, Officer Mills, Rick Kearney and Officer Tabron. (D.I. 42)

[6]The introductory language of the stipulation is identical to the introductory language of the stipulation entered on June 22, 2010. (D.I. 39, 46)

3

and Tabron filed a motion to dismiss for failure to state a claim on July 30, 2010.[7] (D.I. 55)

7. On October 5, 2010, plaintiff filed an emergency motion for an extension of time to file opposition to defendants' motion to dismiss. (D.I. 57) Defendants[8] filed opposition to plaintiff's motion and, contemporaneously, moved to stay discovery. (D.I. 58, 59, 60) The court granted both motions, staying discovery "pending the disposition of the motion to dismiss." (D.I. 61) Plaintiff has moved for reconsideration of this order. (D.I. 64)

8. On September 14, 2010, defendants filed a motion for summary judgment for failure to exhaust administrative remedies prior to filing suit, as required by the Prison Litigation Reform Act ("PRLA"). (D.I. 71, 72, 73, 74, 75, 76) In response, plaintiff submitted an email request for emergency relief.[9]

9. On September 24, 2011, the court responded to the emergency email as follows:

> Summary judgment motions may **not** be filed prior to the end of

---

[7]Defendants moved for dismissal based on the following arguments: (1) plaintiff's claims against defendants in their official capacity are barred by the doctrine of sovereign immunity: (2) plaintiff cannot hold supervisory defendants liable under the theory of respondeat superior; (3) plaintiff has failed to state a claim for relief against defendants; and (4) defendants are immune from liability under doctrine of qualified immunity.

[8]For purposes of this opinion, unless otherwise noted, references to "defendants" does not include defendant Antonio.

[9]The court's email address, posted on its website, is designed to address "emergency situations;" requests for such relief, and responses thereto, must be submitted via a specific form attached to email. U.S. District Court for the District of Delaware, http://www.ded.uscourts.gov/SLRmain.htm (last visited March 29, 2011).

discovery without leave of court. The motion now pending will be stri[c]ken. (SLR 9/24/10)

(emphasis in original)

10. On September 29, 2010, defendants moved for leave to file a motion for summary judgment based on plaintiff's failure to exhaust administrative remedies. (D.I. 87) On the same day, the court held a telephone conference and scheduled a discovery conference for October 13, 2010. (D.I. 91) The following day, plaintiff served the DOC with a subpoena requesting, in part, plaintiff's prison file. (D.I. 89) On October 1, 2010, defendants noticed plaintiff's deposition. (D.I. 92)

11. Sometime on or about the first week of October, 2010, plaintiff was released from prison. (D.I. 97 at 2) On October 11, 2010, plaintiff filed a notice, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), to dismiss without prejudice her complaint against defendants Repetti, Shotzberger, Hicks, Dial, Lafonz, Mills, Kearney and Tabron. (D.I. 93) On the same date, plaintiff filed a new action (the "second action"), "almost identical to the SAC."[10] (D.I. 97 at 2)

12. On October 13, 2010, defendants moved, in the case at bar, to vacate plaintiff's notice of dismissal and to dismiss or enjoin plaintiff's second action. (D.I. 14) Defendants did not move for similar relief in the second action. The matter is fully briefed. (D.I. 94, 97, 98, 99, 100, 101, 102, 103, 104, 105)

---

[10]*Bloothoofd v. Danberg*, Civ. No. 10-868-SLR (D. Del. 2010). The most recent docket entry reflects the filing of an answer by defendant Antonio on January 12, 2011. (D.I. 7) Although service appears to have been effected, the remaining defendants have not filed answers. There is no scheduling order in place.

14. **Analysis.** Pursuant to Fed. R. Civ. P. 41, a plaintiff may "dismiss an action without court order by filing: (i) a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." The Third Circuit has determined that there are three key aspects of a Rule 41(a)(1)(A)(i) analysis:

> First, a filing under the Rule is a notice, not a motion. Its effect is automatic: the defendant does not file a response, and no order of the district court is needed to end the action. Second, the notice results in a dismissal without prejudice (unless it states otherwise), as long as the plaintiff has never dismissed an action based on or including the same claim in a prior case. Third, the defendant has only two options for cutting off the plaintiff's right to end the case by notice: serving on the plaintiff an answer or a motion for summary judgment.

*In re Bath and Kitchen Fixtures Anti-trust Litigation,* 535 F.3d 161, 165 (3d Cir. 2008).

15. The filing of a motion to dismiss does not, generally, extinguish a plaintiff's right to dismiss by notice. *Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1066 (3d Cir. 1987). The Third Circuit has encouraged a literal interpretation of Rule 41(a)(1)(A)(i). *In re Bath and Kitchen Fixtures Anti-trust Litigation,* 535 F.3d at 166-167. Up to the point where no answer or summary judgment motion has been filed, the right of plaintiff to terminate the action is unfettered. *Franco v. Connecticut General Life Ins. Co.,* 2010 WL 2680193 (D. N.J. 2010).

16. The record reflects that plaintiff properly noticed the dismissal of all but three defendants before they had filed an answer or moved for summary judgment. Although the dates of deadlines were changed by stipulations, there was never a change, or even a request to change, the preclusion of summary judgments being filed before the end of discovery. In fact, defendants moved for summary judgment not after the end of

6

discovery but during a stay of discovery that was imposed after defendants motioned for the relief, pending disposition of their motion to dismiss. Additionally, the procedural posture of the case, although filed in 2009, is relatively short with no extensive hearings being conducted or an inordinate amount of resources expended in case management. In light of this record, the court declines to vacate plaintiff's notice of dismissal.

17. The PLRA provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This means that a prisoner must have completed "the administrative review process in accordance with the applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court." *Woodford v. Ngo*, 548 U.S. 81, 84 (2006). Dismissal for failure to exhaust is without prejudice to the merits of the claim. *Booth v. Churner,* 206 F.3d 289, 300 (3d Cir. 2000); *Cosgrove v. Cappachella,* 325 Fed. Apex. 52, 55 (3d Cir. 2009) (not published). The PLRA, however, does not apply to actions filed by inmates after they have been released from custody. *Ahmed v. Dragovich*, 297 F.3d 201, 210 (3d Cir. 2002).

18. The undisputed record reflects that, after her release from prison, plaintiff filed the second action and, therefore, is not subject to the PLRA's exhaustion requirements. Nonetheless, defendants suggest that plaintiff cannot proceed with the second action because she "cannot amend [the case at bar] to cure her failure to exhaust, she cannot ever proceed in [the second action] free of the exhaustion defense

against anyone who is still a defendant in [the first action].[11] (D.I. 102 at 3) This argument is contrary to Third Circuit precedent and the interests of justice in addressing the merits of a claim. Moreover, any inefficiencies associated with maintaining two separate actions involving the common questions of law and fact will be ameliorated by a consolidation of the two cases pursuant to Fed. R. Civ. P. 42, pursuant to the court's inherent authority to do so. *Ellerman Lines, Ltd. v. Atlantic & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir. 1964).

NOW, THEREFORE, at Wilmington this 31st day of March, 2011;

IT IS ORDERED that:

1. Defendants' motion to vacate, enjoin or dismiss (D.I. 94) is denied.

2. Defendants' motion to dismiss (D.I. 55) is denied without prejudice to renew.

3. Plaintiff's motion for reconsideration of order on motion for extension of time (D.I. 64) is denied.

4. Defendants' motion for leave to file a motion for summary judgment (D.I. 87) is denied as moot.

5. Plaintiff's motion for leave to file a sur-reply (D.I. 103) is moot, the court having considered all the papers filed in regard to defendants' motion (D.I. 94).

6. The clerk of court is directed to consolidate the action at bar with *Bloothoofd v. Danberg*, Civ. No. 10-868-SLR. All future filings shall be made in the lead case, *Bloothoofd v. Danberg*, Civ. No. 09-179-SLR.

---

[11] Defendants' reliance on caselaw outside of this judicial district and circuit is not controlling authority.

7. Only defendants Danberg and Ryan may raise the exhaustion defense via a motion to dismiss.

IT IS FURTHER ORDERED that:

1. A telephonic scheduling conference to be initiated by plaintiff's counsel shall be held on **Wednesday, April 20, 2011,** at 8:30 a.m. See D. Del. LR 16.1.

2. Pursuant to the early disclosure requirements of Fed. R. Civ. P. 26(a)(1), counsel shall immediately exchange the following information without formal discovery requests:

> (a) identities of individuals likely to have knowledge of discoverable information that may be used to support the disclosing party's claims or defenses;
>
> (b) documents and things in the possession of counsel or the party that may be used to support the disclosing party's claims or defenses;
>
> (c) identities of experts and their opinions;
>
> (d) insurance agreements in force; and
>
> (e) statement of the basis for any damages claimed.

Counsel should **not** file any of the aforementioned with the court.

3. Prior to the teleconference scheduled herein, counsel shall confer pursuant to Fed. R. Civ. P. 26(f) and shall submit a discovery plan to the undersigned not later than 24 hours prior to the conference with the court. The discovery plan shall conform to the form of scheduling order found on Judge Robinson's website at www.ded.uscourts.gov.

4. At the teleconference with the court, all parties shall be represented by counsel who shall have full authority to bind their clients in all pretrial matters.

5. If any party hereafter enters an appearance, counsel for plaintiffs shall notify said party of the above conference and forward to that party a copy of this order.

6. The parties shall advise the undersigned immediately if this matter has been settled or terminated so that the above conference may be canceled.

7. Counsel are further advised that communications to the court by FAX will not be accepted.

_____
United States District Judge