IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHELLE BLOOTHOOFD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | C.A. Nos. 09-179-SLR, 10-868-SLR |
| | ) | (Consolidated) |
| | ) | |
| CARL DANBERG, PATRICK RYAN, | ) | |
| DOUGLAS REPETTI, COLLEEN | ) | |
| SHOTZBERGER, ANTHONY ANTONIO, | ) | |
| ALONZO HICKS, WAYNE DIAL, | ) | |
| OFFICER LAFONZ, OFFICER MILLS, | ) | |
| OFFICER KEARNEY, AND OFFICER | ) | |
| TABRON, | ) | |
| | ) | |
| Defendants. | ) | |

## STIPULATION AND ORDER AS TO CONFIDENTIALITY

The parties to this litigation and the Department of Correction have agreed to the following Stipulation and Order of Confidentiality (the "Stipulation") in order to expedite the flow of discovery material and adequately protect confidential materials. This Stipulation is not intended to waive any objections by any party to the production of documents or materials; but is intended to facilitate the production of confidential documents that are not protected. Undersigned counsel have conferred and reviewed this Stipulation, and hereby agree as follows:

1. Any party may designate material or information as "CONFIDENTIAL" (the "Confidential Materials") and such documents shall be handled as set forth more fully below. The term "CONFIDENTIAL" may be applied only to material or information the designating party in good faith believes is confidential. Access to the Confidential Materials produced shall be limited to

the parties to this action, their lawyers, the United States District Court and Court personnel, and any expert witnesses retained by the parties. No other person may access the Confidential Material, without leave of Court and due notice to the undersigned parties.

2. The designation of "Confidential Materials" for purposes of this Stipulation shall be made in the following manner:

(a) Counsel for the designating party shall affix the legend "Confidential" to each page containing any confidential material, except that in the case of multi-page documents bound together by staple or other binding, the word "Confidential" need only be stamped on the cover page of the document in order for the entire document to be treated as Confidential Material. Provided that the failure to designate a document as "Confidential" does not constitute a waiver of such claim, and the designating party may so designate a document after such document has been produced, *nunc pro tunc*, with the effect that such document is subject to the protections of this Order.

(b) In the case of depositions or other pretrial discovery, designation as confidential shall be accomplished as follows:

(i) by a statement on the record at the time of such disclosure that such testimony regarding documents or materials produced by the designating party shall be treated as Confidential Material; or

(ii) by written notice, sent by counsel to all parties within ten business days after receiving a copy of the transcript.

In each of the foregoing instances, counsel shall direct the court reporter that the confidentiality legend be affixed to the first page and all portions of the original and all copies of the transcript containing any Confidential Material. Only those portions of the

2

transcripts designated as "Confidential" pursuant to sections (i) and (ii) above shall be deemed Confidential Material. The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition, or otherwise by written stipulation, without further order of the Court.

    (c)    In the case of documents, messages, or other data in electronic form:

    (i) where the electronic data has been or can be reduced to physical form, as in a DVD or CD or other portable storage medium, the surface and/or the case or the object shall be marked as "Confidential", consistent with the practice outlined in subsection (a) above;

    (ii) where the document, message, or other data is stored in electronic form, any such data shall be placed in a separate folder labeled "Confidential" and containing a message referring to this Order and attaching a copy.

3. Each person to whom Confidential Material is disclosed or made available, including experts or consultants retained by any party, shall be advised of the existence and the contents of this Stipulation, and shall be bound by its terms and conditions. No such person shall divulge any Confidential Material, or any data or information obtained, derived or generated from Confidential Material, to any other person, except as provided herein.

4. Confidential Material, or data and information obtained, derived or generated from Confidential Material, shall be disclosed only to:

    (a)    the Court and Court personnel;

    (b)    attorneys of record in this action, persons employed in the attorneys' office, and independent contractors retained by the attorneys, on a need-to-know basis;

  (c) Plaintiff and Defendants;

  (d) experts consulted or retained by the parties or their lawyers for purposes of this litigation;

  (e) witnesses or potential witnesses with whom counsel of record deem it necessary to discuss such material in the course of discovery and/or preparation for trial.

5. Confidential Material, or data and information obtained, derived or generated from Confidential Material, shall not be used for any purpose other than pretrial discovery (including depositions), other pretrial proceedings (including motions and briefs), preparation for trial, trial, and post-trial litigation (including appeals) in connection with the above-captioned action.

6. Any documents filed of record which contain Confidential Material shall be placed in a sealed envelope or other sealed container at the time of filing, which envelope or container shall be conspicuously endorsed with the title of this action, the words "Confidential Material - Subject to Protective Order," and a statement substantially in the following form:

> **This envelope is sealed pursuant to Order of the Court and contains confidential information filed in this case by [name of party] and is not to be opened or the contents thereof to be displayed or revealed except by order of the Court.**

7. Nothing contained in this Stipulation shall be construed as a waiver by any party or their legal counsel of the right to object to the subject matter of any subpoena, deposition notice, or discovery request made in this action, or to the admissibility into evidence of any document or testimony subject to this Stipulation.  The execution of the Stipulation shall not be construed as an agreement by the parties to produce any document or supply any information, and shall not constitute a waiver of any privilege with respect thereto.  All parties retain the right to object to discovery requests, to seek a protective order, or to file a motion to quash a subpoena.  A motion

may be made at any time, and failure to make a prompt motion shall not be deemed a waiver of the intent to make such motion.

8.  Likewise, nothing contained in this Stipulation shall be construed as a waiver by any party of the right to seek to enforce a subpoena or to compel discovery with respect to DOC or the Defendants, and/or file an appropriate motion with the Court contesting the refusal by DOC or the Defendants to produce information and/or documents. A motion may be made at any time, and failure to make a prompt motion shall not be deemed a waiver of the intent to make such motion.

9.  Any dispute arising under this Stipulation shall be submitted to the Court for resolution. If any party disagrees with the designation of any material as Confidential Material, the material so designated shall nonetheless be deemed to be Confidential Material, and the objecting party shall be required to file an appropriate motion, pending a final determination by the Court.

10. Within sixty (60) days after the final termination of this action, whether by settlement, judgment, or decision on appeal, all originals and copies of Confidential Material shall be destroyed, or returned to counsel for the designating party, together with all documents containing data or information derived from Confidential Material or set forth in such Confidential Material, but this paragraph does not cover or include any pleadings filed with the Court.

11. If any Confidential Material, information or data obtained, derived or generated there from, is sought through discovery from an party to this action by any party in any other judicial or administration proceeding, such party to this action will immediately notify counsel for the designating party, so as to allow the opportunity to seek a protective order from the appropriate court.

12. The provisions of this Stipulation shall not apply to any future parties or claims in this lawsuit, unless specifically amended to reflect applicability to such parties or claims.

| | |
|---|---|
| */s/ Pilar G. Kraman* | */s/ Ralph K. Durstein III* |
| _____ | _____ |
| John W. Shaw (No. 3362) | Ralph K. Durstein III, Esquire (No. 912) |
| Pilar G. Kraman (No. 5199) | Devera B. Scott, (No. 4756) |
| YOUNG CONAWAY STARGATT | Deputy Attorneys General |
|   & TAYLOR, LLP | Civil Division |
| 1000 West Street, 17th Floor | Department of Justice |
| Wilmington, Delaware 19801 | 820 North French Street |
| (302) 571-6600 | Wilmington, DE 19801 |
| pkraman@ycst.com | (302) 577-8510 |
| | Ralph.Durstein@state.de.us |
| Richard H. Morse (No. 531) | |
| AMERICAN CIVIL LIBERTIES | *Counsel for Defendants Danberg, Ryan,* |
| FOUNDATION OF DELAWARE | *Repetti, Shotzberger, Hicks, Dial, Lafonz,* |
| 100 W. 10th St., Ste. 603 | *Mills, Kearney and Tabron* |
| Wilmington, Delaware 19801 | |
| (302) 654-5326 | |

*Counsel for Plaintiff Michelle Bloothoofd*

*/s/ Gregory A. Morris*

_____
James E. Ligouri (No. 415)
Gregory A. Morris (No. 3014)
LIGOURI & MORRIS
46 The Green
Dover, DE 19901
(302) 678-9900
gmorris@lmylaw.com

*Counsel for Defendant Antonio*


        APPROVED AND SO ORDERED this _____ of _____, 2011


        _____
        Hon. Sue L. Robinson
        United States District Judge