IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ACLF OF DELAWARE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 09-179-SLR-SRF |
| ) | |
| DEPARTMENT OF CORRECTION, ) | |
| STATE OF DELAWARE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

At Wilmington this 24th day of November, 2014, having reviewed the Report and Recommendation issued on September 17, 2014 by Magistrate Judge Sherry R. Fallon, as well as the objections and responses thereto; I will adopt the Report and Recommendation, based on the following reasoning.

1. **Background.** As related in more detail in the Report and Recommendation, the underlying litigation was instituted by Michelle Bloothoofd, a former inmate at the Baylor Women's Correctional Institution ("BWCI"), a facility managed by defendant Department of Correction of the State of Delaware ("DOC"). In her complaint, she alleged that she was forcibly sexually assaulted by a correctional officer while she was incarcerated at BWCI. (D.I. 2) The litigation was ultimately resolved through mediation, with the DOC agreeing to establish policies, on or before September 19, 2012,

regarding the prevention of sexual abuse.[1] The parties' agreement was memorialized in an "Order and Agreement" ("the Order") dated September 16, 2011 and entered by the court on September 19, 2011. (D.I. 123) The Order specifically provided that ACLF "shall have the right to seek enforcement of this Order and Agreement, and DOC shall not oppose an application by ACLF to intervene in this action for that purpose." (D.I. 123 at 20)

2. There is no dispute that DOC failed to timely achieve full compliance. (D.I. 124 at 2; D.I. 125 at 7-8) On February 27, 2013, after several months of back-and-forth between the parties regarding DOC's outstanding obligations, ACLF filed a motion to compel enforcement of the Order. (D.I. 137) By the time Judge Fallon issued her Report and Recommendation in October 2013, only 17 instances of alleged non-compliance were still in dispute. (D.I. 144) By her Report and Recommendation, Judge Fallon found that DOC remained in noncompliance with respect to 11 of 17 requirements, which finding was accepted with respect to 9 of the remaining requirements; i.e., it was ultimately determined that DOC was in substantial compliance with 8 of the remaining 17 requirements. ACLF subsequently filed a motion for attorney fees and costs, pursuant to 42 U.S.C. § 1988, seeking an award of $125,269. (D.I.155) By Report and Recommendation issued September 17, 2014, Judge Fallon recommended that the motion be granted. DOC timely filed objections thereto, and ACLF responded.

3. **Standard of review**. The Report and Recommendation was filed pursuant

---

[1] ACLF is the successor-in-interest to Bloothoofd, and was expressly charged by court order to monitor and enforce the terms of the negotiated resolution.

2

to 28 U.S.C. § 636(b)(1)(B), Fed.R.Civ.P. 72(b)(1), and D. Del. LR 72.1. Because DOC filed objections to the report, I must make a "*de novo* determination of those portions of the report" to which objections were made. 28 U.S.C. § 636(b)(1). Upon such a review, I may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

4. **Legal standard.** Although litigants are generally responsible for their own attorney fees and costs, Congress has mandated that fee-shifting is appropriate in civil rights actions. Therefore, pursuant to 42 U.S.C. § 1988, a court is permitted to "allow the prevailing party . . . a reasonable attorney's fee as part of the costs" "[i]n any action or proceeding to enforce a provision of section[ ] . . . 1983 . . . of this title." 42 U.S.C. § 1988(b). The Third Circuit has further concluded that such awards should be made absent special circumstances weighing against such an award. *See Truesdell v. Phila. Hous. Auth.*, 290 F.3d 159, 163 (3d Cir. 2002).

5. Given the above standard, I must make two determinations: (1) is ACLF a "prevailing party;" and (2) is the fee requested reasonable? With respect to the first issue, a "prevailing party" is a party who has "succeed[ed] on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). With respect to the amount of the award, a court must examine "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. Although this "lodestar" amount is presumed to represent a reasonable fee, the figure may be adjusted to compensate for other factors, including the contingency of success or

3

duplication of work. *See, e.g., Daggett v. Kimmelman*, 811 F.2d 793, 797-98 (3d Cir. 1987).

6. **Analysis.** DOC objected to the award of fees on various grounds, which I shall address under the framework described above.

a. **Prevailing party status.** I agree with Judge Fallon that "[s]ervices devoted to reasonable monitoring of [a] court's decrees . . . to insure full compliance" is a compensable service, "essential to the long-term success of the plaintiff's suit." *Northcross v. Board of Ed. of Memphis City Schools*, 611 F.2d 624, 637 (6th Cir. 1979). *See also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 558-559 (1986); *Garrity v. Sununu*, 752 F.2d 727, 738 (1st Cir. 1984); *Bond v. Stanton*, 630 F.3d 1231, 1233 (7th Cir. 1980); and *Miller v. Carson*, 628 F.2d 346, 348 (5th Cir. 1980). Therefore, ACLF is not *per se* prohibited from seeking fees pursuant to § 1988.

b. DOC complains that the Order does not specifically provide for the award of fees or costs beyond those already recovered in the liability phase. While this is true, I conclude that the designation of ACLF as the party "hav[ing] the right to seek enforcement" of the Order (D.I. 123 at 20) served as reasonable notice to DOC, a sophisticated litigant, that the fee-shifting provisions of § 1988 might be applicable if ACLF intervened in the lawsuit for that purpose. And, of course, DOC had the option of avoiding such fees and costs in the first instance by being more responsive to the deficiencies once identified and/or coming to the court for relief if the agreed-upon remedies were not realistically possible to effectuate by the initial one-year deadline.

c. DOC asserts that ACLF was not "successful" enough to justify the

4

award of fees and costs. In this regard, I recognize that DOC had complied with many of its court-ordered obligations by the one-year deadline. Nevertheless, it is apparent from the record that DOC was less than receptive or responsive to the efforts by ACLF to encourage full compliance.[2] I agree with Judge Fallon's ultimate conclusion that the motion to compel motivated DOC to push ahead more energetically with its efforts to comply with the Order. (D.I. 162 at 8)

        d. **Reasonableness of fee award.** As noted by Judge Fallon, "[t]he fact that ACLF did not prevail on all issues raised in the motion to compel is immaterial to whether it is a prevailing party, but is instead considered when addressing the amount of the appropriate fee." (D.I. 162 at 8, citing *Student Pub. Interest Research Group v. AT&T Bell*, 842 F.2d 1436, 1455 (3d Cir. 1988). DOC did not address in its objections the amount of the requested fee, instead reserving the right to challenge such at a later time. I am not confident that the rules contemplate a bifurcated objection process. In any event, I will not address the merits of the fee award on the record presented.

    7. **Conclusion.** For the reasons stated, I accept the Report and Recommendation and deny the objections. ACLF's motion for attorney fees and costs (D.I. 149) is granted. An order shall issue.

                                                                         */s/*
                                              United States District Judge

---

    [2]Especially compelling in this regard is the timetable described by ACLF in its response to DOC's objections. (D.I. 164 at 2-3, 5-8)