IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERICAN CIVIL LIBERTIES <br> UNION FOUNDATION, <br><br> Plaintiff, <br> v. <br><br> DEPARTMENT OF CORRECTION, <br> STATE OF DELAWARE, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civ. No. 09-179-SLR <br> ) <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM**

At Wilmington this $\partial^{q\mu}$ day of April, 2015, having reviewed defendant's motion for reargument and the papers submitted in connection thereto; the court will deny the motion (D.I. 167), based on the following reasoning.

1. **Procedural background.** By order dated July 23, 2013, the court referred to Magistrate Judge Fallon plaintiff's motion to compel enforcement of order and agreement dated September 19, 2011 (D.I. 124), which order involved defendant's compliance with, inter alia, the Prison Rape Elimination Act. (D.I. 132) Magistrate Judge Fallon was to issue a Report and Recommendation in this regard on or before October 23, 2013, pursuant to 28 U.S.C. § 636(b).

2. Judge Fallon in fact issued her Report and Recommendation on October 23, 2013. (D.I. 144) The defendant timely filed objections thereto (D.I. 145), and plaintiff responded to the objections. (D.I. 146) The court issued its ruling on January 10, 2014, adopting in part and overruling in part the Report and Recommendation. (D.I.

147, 148) The court ordered defendant to comply with the recommendations contained in the Report and Recommendation as revised, and required that Magistrate Judge Fallon maintain jurisdiction to monitor defendant's compliance.

3. Plaintiff thereafter filed a motion for attorney fees, along with supporting declarations. (D.I. 149-154) Defendant opposed. (D.I. 155) Magistrate Judge Fallon issued her ruling on September 17, 2014, recommending that the court grant the motion for fees, albeit for only 80% of the fees requested. (D.I. 162) Defendant timely filed objections to the Report and Recommendation. (D.I. 163) Of significance is the fact that, while defendant objected to the award of fees, the only observation defendant made with respect to the amount of fees (if awarded) was the following, contained in a footnote:

> DOC has not waived the right to challenge the calculation of any fee awarded, and, as noted by the Magistrate Judge, DOC cited the fee demand as "outrageously excessive." R&R at 10, footnote 8. This Court retains full authority to examine *de novo* the amount of the fee claim. In particular, the award of 80% of fees claimed cannot be sustained, where the plaintiff ultimately failed to prevail on more than 90% of the claims set forth in the motion, and did not even bother to pursue claims of so-called "bad faith" on the part of DOC and BWCI officials. Any fee award must be based on the scope of the plaintiff's success, if any. *Hensley v. Eckerhart*, 461 U.S. 424, 433-435 (1983).

(*Id.* at 2, n.2) The court overruled the objection and adopted the recommendation, concluding that plaintiff's "motion to compel motivated DOC to push ahead more energetically with its efforts to comply with the Order." (D.I. 165 at 5) In other words, the only reason defendant was ultimately compliant was because plaintiff brought defendant into court. With respect to the reasonableness of the fee award, the court reasoned:

2

> [Defendant] did not address in its objections the amount of the requested fee, instead reserving the right to challenge such at a later time. I am not confident that the rules contemplate a bifurcated objection process. In any event, I will not address the merits of the fee award on the record presented.

(D.I. 165 at 5)

4. On December 22, 2014, 28 days after the above order issued, defendant filed a paper captioned "Defendant's Motion for Reargument and to Amend or Alter Judgment." (D.I. 167) Defendant moved for relief from the payment of the fees awarded ($125,269) pursuant to "Local Rule 7.1.5 and Rule 59(e) of the Federal Rules of Civil Procedure." (*Id.* at 1) Defendant argues that it properly preserved its right to contest the amount of the fees awarded, and that "[a] ruling that fails to consider factors such as lack of success in argument and an excessive hourly rate in awarding attorney fees would not be sustainable on appeal. . . . The present Motion affords the Court an opportunity to reduce the gross fee award and substitute therefore a new fee award, and to make a record of the consideration of those factors." (*Id.* at 2) Defendant proposes that

> [t]he record developed for purposes of the fee award would . . . support an award of either:
>
> • **25%** of the total fees sought (reflecting the compliance issues originally raised by the plaintiff, compared to the uncontested areas of full compliance by DOC) or **$31,317.25;**
>
> • **35%** of the total fee claim (representing the percentage of issues raised in the motion on which the ACLF ultimately prevailed) or **$43,844.15;** or
>
> • **53%** of the total fee claim (representing the degree of success achieved, on the issues actually submitted to the Court for determination) or **$66,392.57.**

3

An award in excess of these figures would not be supported by the record. (*Id.* at 6-7) Plaintiff's response is two-fold: (1) defendant's motion presents a new issue, that is, the proper lodestar; and (2) defendant is procedurally barred from challenging the amount of the fee award. (D.I. 168)

5. **Standard of review.** A motion for reargument under Local Rule 7.1.5] is the "functional equivalent" of a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990) (citing *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986)). The standard for obtaining relief under Rule 59(e) is difficult to meet. The purpose of a motion for reargument is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). A court should exercise its discretion to alter or amend its judgment only if the movant demonstrates one of the following: (1) a change in the controlling law; (2) a need to correct a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *See id.* A motion for reargument is not properly grounded on a request that a court rethink a decision already made and may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990); *see also Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

4

6. **Analysis.** Although defendant characterizes plaintiff's response as resorting to "procedural trickery [in order to] prevent fair consideration" of the fee awarded (D.I. 169 at 1), the procedural irregularities presented by defendant's papers in fact preclude substantive consideration of the issues presented. The motion at bar was filed 28 days after the court's memorandum and order issued. Motions for reargument filed pursuant to D.Del. LR 7.1.5 must be filed "within 14 days after the Court issues its opinion or decision, with the exception of motions filed pursuant [to] Fed. R. Civ. P. 59(e), which shall be filed in accordance with the [limits] set forth in Fed. R. Civ. P. 59(e)." D.Del. LR 5.1.5(a). Although motions filed pursuant to Rule 59(e) may be filed as late as "28 days after the entry of judgment," Rule 59(e) is not applicable to the facts of record, where judgment was entered long ago and the remaining issues (motion to compel and motion for attorney fees) were ancillary to the entry of judgment. Therefore, the motion was untimely in the first instance.

7. In addition, the issue presented in the motion for reargument was not appropriately preserved for review. Pursuant to Fed. R. Civ. P. 72(a), when a nondispositive pretrial matter is referred to a magistrate judge to hear and decide, the magistrate judge must issue a written order stating the decision.

> A party may serve and file objections to the order within 14 days after being served with a copy. **A party may not assign as error a defect in the order not timely objected to.** The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Rule 72(a) (emphasis added). Although defendant noted in its objections that it was not waiving its right to challenge the calculation of any fee actually awarded (D.I. 163 at 2

5

n.2), it has not been the practice of the court to allow a party to preserve what amounts to a conditional objection.[1] Such a bifurcated procedure would be inefficient at best, and contrary to the spirit (if not the letter) of those rules governing the use of magistrate judges. Indeed, the thrust of D.Del. LR 7.1.5(b) confirms that a party seeking review of a magistrate judge's decision has only one procedural bite of the apple. The court is cognizant of defendant's obligation to protect the public's coffers. However, the court has an equally important obligation to process its cases consistently and efficiently.

8. **Conclusion.** For the reasons stated above, the court will deny defendant's motion for reargument as procedurally barred. An order shall issue.

_____
United States District Judge

---

[1] I.e., only if the court determines that a fee should be awarded in the first instance will defendant share its thoughts about what the amount of the fee should be.