IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

ACLF OF DELAWARE,                    )
                                     )
          Plaintiff,                 )
                                     )
     v.                              )        Civ. No. 09-179-SLR
                                     )
DEPARTMENT OF CORRECTION,            )
STATE OF DELAWARE,                   )
                                     )
          Defendant.                 )
                                     )

**MEMORANDUM**

At Wilmington this 19th day of February, 2016, having reviewed plaintiff

American Civil Liberties Union Foundation for Delaware's ("ACLF") motion for attorney

fees and expenses (D.I. 172), and the papers submitted therewith; the court issues its

decision based on the following reasoning:

1. **Background.**[1]  On November 24, 2014, the court accepted (D.I. 165) the

September 17, 2014 Report and Recommendation of Magistrate Judge Sherry R. Fallon

(D.I. 162) that ACLF be awarded $125,269 in attorney fees for its motion to compel

compliance with the court's September 16, 2011 order.  Defendant Department of

Correction ("DOC") objected to the Report and Recommendation and moved for

reargument.  (D.I. 167)  On April 29, 2015, the court denied DOC's motion.  (D.I. 171)

DOC did not appeal the court's decision to accept the Report and Recommendation nor

---

[1] Because the question presented for decision is narrow - affecting only eligibility for
compensation for services rendered for fee litigation - the court declines to restate the
protracted history of this litigation.

its decision to deny the motion for reargument.  ACLF now seeks \$43,920[2] in attorney

fees that were expended in response to defendant's objection to the Report and

Recommendation and motion for reargument.  (D.I. 172)

     2.  **Standard of Review.**  The "basic point of reference when considering the

award of attorney fees is the bedrock principle known as the American Rule: each

litigant pays his own attorney fees, win or lose, unless a statute or contract provides

otherwise."  *Baker Botts L.L.P. v. ASARCO LLC,* 135 S.Ct. 2158, 2164 (2015) (citing

*Hardt v. Reliance Standard Life Ins. Co.,* 560 U.S. 242, 252–53 (2010)).  Consequently,

the court "will not deviate from the American Rule 'absent explicit statutory authority.'"[3]

*Id.*  Although these "[s]tatutory changes to [the American Rule] take various forms,"

*Hardt,* 560 U.S. at 253, they tend to authorize the award of "a reasonable attorney's

fee," "fees," or "litigation costs," and usually refer to a "prevailing party" in the context of

an adversarial "action."[4]  *Baker Botts*, 135 S. Ct. at 2164.  Congress has not extended

"roving authority to the Judiciary to allow counsel fees as costs or otherwise whenever

the courts might deem them warranted."  *Alyeska*, 421 U.S. at 260.  Therefore, federal

courts cannot, absent specific statutory authority, . . . disturb the "uniform system of

---

[2] ACLF alleges that this is the lodestar amount, equal to 73.2 hours times an hourly rate of \$600.  (D.I. 172)

[3] The Supreme Court has recognized that there may, on occasion, be other situations that allow for the award of attorney fees; specifically, when there is express bad faith or willful disobedience of a court order.  *Alyeska Pipeline Service Co. v. Wilderness Society,* 421 U.S. 240, 259-60 (1975).  No such situations are present in the case at bar.

[4] *See*, *e.g.,* 28 U.S.C. § 2412(d)(1)(A); 42 U.S.C. §§ 1988(b), 2000e–5(k); *see generally Hardt,* 560 U.S. at 253

cost-bearing created by Congress." *Zambrano v. City of Tustin,* 885 F.2d 1473, 1481 (9th Cir. 1989).[5]

3. **Discussion.** ACLF contends that, as the prevailing party in a civil rights suit, it is eligible for an award of reasonable attorney fees and out-of-pocket expenses, which includes attorney fees for the time spent litigating a fee petition dispute. (D.I. 172 at ¶ 6) DOC counters that "claims for recovery of fees in pursuit of fees" are barred as a matter of law.[6] (D.I. 175 at 1) The court finds itself confronting an issue of first impression in this circuit.

4. "In our legal system, **no** attorneys, regardless of whether they practice in bankruptcy, are entitled to receive fees for fee-defense litigation absent express statutory authorization." *Baker Botts*, 135 S. Ct. at 2168 (emphasis in original). In *Baker Botts*, the Supreme Court interpreted 11 U.S.C. § 330(a)(1)[7] and determined that the scope of permissible compensation under the statute was limited to "reasonable compensation for actual, necessary services rendered for the benefit of an estate" in bankruptcy proceedings and, therefore, Congress did not expressly depart from the

---

[5] *See, e.g., Marek v. Chesny*, 473 U.S. 1, 8-9 (1985); *Key Tronic Corp. v. United States*, 511 U.S. 809, 815 (1994); *Runyon v. McCrary*, 427 U.S. 160, 185 (1976); *Alyeska*, 421 U.S. at 247.

[6] The court declines to address DOC's additional arguments that ACLF lacks standing to pursue a claim for additional fees and costs and that ACLF cannot recover fees for legal work performed by its own staff. (D.I. 175 at 4-6)

[7] Section 330(a)(1) provides, in relevant part, "the court may award ... reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and reimbursement for actual, necessary expenses." 11 U.S.C. § 330 (a)(1).

American Rule and permit compensation for fee-defense litigation.[8] *Id.* at 2164. The Court held that time spent litigating a fee application against the administrator of a bankruptcy estate cannot be fairly described as "labor performed for" the benefit of an estate for it is the lawyers who are benefitted. *Id.* at 2165. Here, as in *Baker Botts*, seeking the reimbursement of fees expended in defending a fee-application does not benefit the former inmate plaintiff or enforce a provision of the Civil Rights Act.

5. ACLF avers that the Supreme Court reached such a conclusion in *Baker Botts* because the statutory language of 11 U.S.C. § 330(a)(1) does not provide authority to depart from the American Rule; instead, the Supreme Court explicitly identified 42 U.S.C. § 1988(b) as one of the statutes that did supplant the American Rule and thus permit claims for attorney fees. (D.I. 177 at 1-2) Section 1988(b) states that "[i]n any action or proceeding to enforce a provision of section ...1983 of this title ... the court, **in its discretion**, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b) (emphasis added).

6. However, § 1988(b) contains no statutory provision for the recovery of attorney fees for defending a fee application. Moreover, the Supreme Court made clear in *Baker Botts* that courts do not have the authority to simply rewrite a statute even if "[they] believed that uncompensated fee litigation would fall particularly hard on the ... bar." 135 U.S. at 2169. "Our unwillingness to soften the import of Congress' chosen words even if we believe the words lead to a harsh outcome is longstanding." *Baker Botts*, 135 S. Ct. at 2169 (quoting *Lamie v. United States Trustee,* 540 U.S. 526, 538

---

[8] In finding such, the Court overturned an award of $5,000,000 to the law firms for time spent litigating in defense of their attorney fees award of $120,000,000. *Baker Botts*, 135 S. Ct. at 2163.

4

(2004)).  "Our job is to follow the text even if doing so will supposedly "undercut a basic objective of the statute."  *Id*.  The "court is not to invade the legislature's province by redistributing litigation costs" beyond what the statute provides.  *Alyeska*, 421 U.S. at 271.  Because §1988(b) itself does not authorize the award of fees for defending a fee application, the court declines to award such fees.

7.  **Conclusion.**  For the foregoing reasons, ACLF's motion for attorney fees and expenses (D.I. 172) is denied.  An order shall issue.

United States District Judge